THE BRANDI LAW FIRM
THOMAS J. BRANDI (CA Bar No. 53208)
DANIEL DELL'OSSO (CA Bar No. 118203)
BRIAN J. MALLOY (CA Bar No. 234882)
354 Pine Street, Third Floor
San Francisco, CA 94104
Telephone: (415) 989-1800
Facsimile: (415) 989-1800
Email: tjb@brandilaw.com

**FILED**
2011 JUN 28  A 11: 35
RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENZO MENDOZA MARTINEZ, ELIU MENDOZA, ELIEZER MENDOZA MARTINEZ, and GLORIA MARTINEZ MONTES, <br><br> Plaintiffs, <br><br> v. <br><br> AERO CARIBBEAN, EMPRESA AEROCARIBBEAN S.A., CUBANA DE AVIACION S.A., and ATR <br><br> Defendants. | Case No. **11 3194** <br><br> **COMPLAINT** <br><br> 1. Montreal Convention <br> 2. Negligence <br> 3. Wrongful Death <br> 4. Strict Liability <br> 5. Negligence <br> 6. Breach of Warranties <br> 7. Wrongful Death <br><br> **HRL** <br><br> **DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1.    Plaintiffs LORENZO MENDOZA MARTINEZ, ELIU MENDOZA, ELIEZER MENDOZA

MARTINEZ, and GLORIA MARTINEZ MONTES (collectively, "Plaintiffs") complain against

Defendants AERO CARIBBEAN, EMPRESA AEROCARIBBEAN S.A., CUBANA DE AVIACION S.A.

and ATR as follows.

## PARTIES

2.    Plaintiff LORENZO MENDOZA MARTINEZ is and at all times herein mentioned resided

in Monterey County, California.  Plaintiff LORENZO MENDOZA MARTINEZ was a son and surviving

1

COMPLAINT

heir of decedent Lorenzo Corazon Mendoza Cervantes and a person with standing under California Code of Civil Procedure ("CCP") § 377.60.

3.      Plaintiff ELIU MENDOZA is and at all times herein mentioned resided in Monterey County, California.  Plaintiff ELIU MENDOZA was a son and surviving heir of decedent Lorenzo Corazon Mendoza Cervantes and person with standing under CCP § 377.60.

4.      Plaintiff ELIEZER MENDOZA MARTINEZ is and at all times herein mentioned resided in Monterey County, California.  Plaintiff ELIEZER MENDOZA MARTINEZ was a son and surviving heir of decedent Lorenzo Corazon Mendoza Cervantes and a person with standing under CCP § 377.60.

5.      Plaintiff GLORIA MARTINEZ MONTES is and at all times herein mentioned resided in Mexico.  Plaintiff GLORIA MARTINEZ MONTES was the widow and surviving heir of decedent Lorenzo Corazon Mendoza Cervantes and person with standing under CCP § 377.60.

6.      Plaintiffs are informed and believe, and on that basis allege, that Defendant AERO CARIBBEAN is an international air carrier with its principal place of business in Cuba.

7.      Plaintiffs are informed and believe, and on that basis allege, that Defendant EMPRESA AEROCARIBBEAN S.A. is an international air carrier with its principal place of business in Cuba.

8.      Plaintiffs are informed and believe, and on that basis allege, that Defendant CUBANA DE AVIACION S.A. is an international air carrier with its principal place of business in Cuba.

9.      Plaintiffs are informed and believe, and on that basis allege, that Defendant ATR is an entity of unknown formation with its principal place of business in Toulouse, France and is and at all relevant times herein has regularly done business in the United States of America, including the State of California, and is continually and systematically doing business in the United States of America, including the State of California.

2

## JURISDICTION AND VENUE

10.     This Court has federal question subject matter jurisdiction pursuant to Article 33 of the Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999, S. Treaty Doc. No. 106–45 (2000) ("Montreal Convention") and 28 U.S.C. § 1331 over the claims against Defendants AERO CARIBBEAN, EMPRESA AEROCARIBBEAN S.A. and CUBANA DE AVIACION S.A. because the aircraft accident resulting in the death of a passenger that forms of the basis of the claims occurred during an international carriage.

11.     This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over the claims against Defendant ATR because such claims against Defendant ATR are so related to the claims against Defendants AERO CARIBBEAN, EMPRESA AEROCARIBBEAN S.A. and CUBANA DE AVIACION S.A., upon which this Court has federal question subject matter jurisdiction, that they form part of the same case or controversy under Article III of the United States Constitution.

12.     Venue is proper in this Court as three of the four Plaintiffs reside in this forum and Plaintiffs have chosen this forum in which to litigate their claims.

## INTRADISTRICT ASSIGNMENT

13.     This action is appropriately assigned in the San Jose Division because three of the four Plaintiffs reside in Monterey County, California.

## GENERAL ALLEGATIONS

14.     On or about November 4, 2010, decedent Lorenzo Corazon Mendoza Cervantes was a passenger in an ATR-72-212 ("SUBJECT AIRCRAFT") on AERO CARIBBEAN flight 883, an international commercial flight ("SUBJECT FLIGHT"). There were 60 other passengers and 7 crew members onboard the SUBJECT AIRCRAFT during the SUBJECT FLIGHT.

COMPLAINT

15.     The SUBJECT AIRCRAFT was designed and manufactured by Defendant ATR and sold to Continental Express, a United States entity with its principal place of business in Houston, Texas, on or about the year 1995.

16.     On or about November 4, 2010, the SUBJECT AIRACRAFT was owned, maintained, serviced and operated by Defendants AERO CARIBBEAN, EMPRESA AEROCARIBBEAN S.A. and/or CUBANA DE AVIACION S.A.  The SUBJECT FLIGHT was engaged in an "international carriage" as that term is defined in Article 1 of the Montreal Convention.

17.     During the SUBJECT FLIGHT, the SUBJECT AIRCRAFT was caused to crash near the village of Guasimal, Santi Spiritus province, Cuba, approximately 210 miles southeast of Havana, killing all 68 onboard, including decedent Lorenzo Corazon Mendoza Cervantes.

**FIRST CAUSE OF ACTION**
**(Montreal Convention)**
**(By All Plaintiffs Against Defendants AERO CARIBBEAN, EMPRESA AEROCARIBBEAN S.A., and CUBANA DE AVIACION S.A.)**

18.     Plaintiffs refer to paragraphs 1 through 17 and incorporate them into this Cause of Action as though fully set forth herein.

19.     The Montreal Convention provides for a private right of action against air carriers in the international carriage of persons, baggage or cargo.

20.     Paragraph 1 of Article 17 of the Montreal Convention provides, *inter alia*, that a carrier is liable for damage sustained in the case of the death of a passenger if the accident which caused the death took place on board the aircraft.

21.     Paragraph 1 of Article 21 of the Montreal Convention provides that for damages arising under paragraph 1 of Article 17, the carrier is liable up to 100,000 "Special Drawing Rights" for each passenger.  Further, paragraph 2 of Article 21 of the Montreal Convention provides that the carrier shall not be liable above 100,000 "Special Drawing Rights" limit "if the carrier proves that: (a) such damage was not

4

due to the negligence or other wrongful act or omission of the carrier or its servants or agents; or (b) such damage was solely due to the negligence or other wrongful act or omission of a third party."

22.     Defendants AERO CARIBBEAN, EMPRESA AEROCARIBBEAN S.A. and CUBANA DE AVIACION S.A. were carriers as that term is defined in Article 1 of the Montreal Convention.  Plaintiffs' decedent Lorenzo Corazon Mendoza Cervantes was engaged in "international carriage" at the time of the SUBJECT FLIGHT as that term is defined in Article 1 of the Montreal Convention.

23.     Plaintiffs' decedent Lorenzo Corazon Mendoza Cervantes' death was caused in the November 4, 2010 accident which took place on board the SUBJECT AIRCRAFT.

24.     Plaintiffs are informed and believe, and on that basis allege, that Lorenzo Corazon Mendoza Cervantes' death was due to the negligence or other wrongful act or omission of Defendants AERO CARIBBEAN, EMPRESA AEROCARIBBEAN S.A. and CUBANA DE AVIACION S.A. or their servants or agents and that Lorenzo Corazon Mendoza Cervantes' death was not solely due to the negligence or other wrongful act or omission of a third party.

25.     As a direct and proximate result of the conduct of Defendants AERO CARIBBEAN, EMPRESA AEROCARIBBEAN S.A. and CUBANA DE AVIACION S.A., Plaintiffs pray for all remedies afforded by the Montreal Convention, including but not limited to the relief set forth in Article 21, as well as all remedies not prohibited by the Montreal Convention.

26.     As a direct and proximate result of the conduct of Defendants AERO CARIBBEAN, EMPRESA AEROCARIBBEAN S.A. and CUBANA DE AVIACION S.A., Plaintiffs pray for all remedies afforded by law.

### SECOND CAUSE OF ACTION
#### (Negligence)
**(By All Plaintiffs Against Defendants AERO CARIBBEAN, EMPRESA AEROCARIBBEAN S.A. and CUBANA DE AVIACION S.A.)**

27.     Plaintiffs refer to paragraphs 1 through 17 and 26 and incorporate them into this Cause of Action as though fully set forth herein.

5

COMPLAINT

28. The crash of the SUBJECT AIRCRAFT and death of Plaintiffs' decedent was caused by the negligence, wrongdoing, unlawful acts and omissions, carelessness and willful misconduct of the Defendants AERO CARIBBEAN, EMPRESA AEROCARIBBEAN S.A. and CUBANA DE AVIACION S.A. in the use, ownership, operation, maintenance, repair, overhaul, inspection, testing, servicing and monitoring of the SUBJECT AIRCRAFT and in the supervision, training and standardizing of operational and maintenance personnel; and, by reason of its wrongdoing, Defendants are liable in negligence to Plaintiffs for the injury and death of decedent and the resulting damages to Plaintiffs.

29. Moreover, Defendants AERO CARIBBEAN, EMPRESA AEROCARIBBEAN S.A. and CUBANA DE AVIACION S.A., as authorized common carriers in air transportation, owed a duty of care to Plaintiffs' decedent to operate and maintain the SUBJECT AIRCRAFT with the utmost care and to the highest possible degree of safety. Having breached said duty, Defendants are liable to Plaintiffs for their injuries and damages.

30. Plaintiffs are informed and believe, and thereupon allege, as a direct and proximate result of the acts of the Defendants AERO CARIBBEAN, EMPRESA AEROCARIBBEAN S.A. and CUBANA DE AVIACION S.A., Plaintiffs' decedent suffered fatal injuries for which Defendants are liable.

31. As a direct and proximate result of the aforementioned conduct of Defendants AERO CARIBBEAN, EMPRESA AEROCARIBBEAN S.A. and CUBANA DE AVIACION S.A., decedent was compelled to incur obligations for medical care, medicines, x-rays, hospitalization, and medical supplies. Plaintiffs do not at this time know the reasonable value thereof but pray that the same may be inserted herein when ascertained.

32. As a direct and proximate result of the aforementioned conduct of Defendants AERO CARIBBEAN, EMPRESA AEROCARIBBEAN S.A. and CUBANA DE AVIACION S.A., decedent has lost his ability to earn money to provide support for Plaintiffs. Plaintiffs do not at this time know the reasonable value thereof but pray that the same may be inserted herein when ascertained.

6

33.     As a direct and proximate result of the aforementioned conduct of Defendants AERO CARIBBEAN, EMPRESA AEROCARIBBEAN S.A. and CUBANA DE AVIACION S.A., Plaintiffs sustained general damages.  Plaintiffs do not at this time know the reasonable value thereof but pray that the same may be inserted herein when ascertained.

34.     As a direct and proximate result of the aforementioned conduct of Defendants, Plaintiffs claim prejudgment interest.  Plaintiffs do not know the reasonable value thereof but pray that the same may be inserted herein when ascertained.

### THIRD CAUSE OF ACTION
#### (Wrongful Death- CCP § 377.60)
**(By All Plaintiffs Against Defendants AERO CARIBBEAN, EMPRESA AEROCARIBBEAN S.A. and CUBANA DE AVIACION S.A.)**

35.     Plaintiffs refer to paragraphs 1 through 17, 26 and 31 through 34 and incorporate them into this Cause of Action as though fully set forth herein.

36.     As a direct and proximate result of the aforementioned conduct of Defendants AERO CARIBBEAN, EMPRESA AEROCARIBBEAN S.A. and CUBANA DE AVIACION S.A., Lorenzo Corazon Mendoza Cervantes died.  As a result, decedent's heirs, the Plaintiffs, have sustained noneconomic damages, including the loss of his love, companionship, comfort, care, assistance, protection, affection, society, support, training and guidance.

37.     As a direct and proximate result of the aforementioned conduct of Defendants AERO CARIBBEAN, EMPRESA AEROCARIBBEAN S.A. and CUBANA DE AVIACION S.A., Plaintiffs have sustained economic damages, including loss of his financial support, the loss of gifts and benefits, funeral and burial expenses, household services, and economic support.  Plaintiffs do not know the reasonable value thereof but prays that the same may be inserted herein when ascertained.

38.     As a direct and proximate result of the aforementioned conduct of Defendants, Plaintiffs claim prejudgment interest.  Plaintiffs do not know the reasonable value thereof but prays that the same may be inserted herein when ascertained.

## FOURTH CAUSE OF ACTION
### (Strict Product Liability)
### (By All Plaintiffs Against Defendant ATR)

39.     Plaintiffs refer to paragraphs 1 through 17 and incorporate them into this Cause of Action as though fully set forth herein.

40.     At all times herein mentioned, the Defendant ATR is and was in the business of designing, manufacturing, selling, marketing and/or distributing aircraft, including the SUBJECT AIRCRAFT and its component parts, which were distributed and sold throughout the United States, as well as the state of California, to members of the general public and as such are liable to the Plaintiffs for damages under the theory of strict products liability.

41.     At all times herein mentioned the SUBJECT AIRCRAFT and its components parts were defective as that term is defined under California law by reason of defects in design and manufacture and failure of the Defendant ATR to give adequate and proper warnings of the dangers existing therein, and adequate instructions regarding the avoidance of such dangers in the use and maintenance of the SUBJECT AIRCRAFT and its component parts.

42.     At all times herein mentioned the defective conditions in the SUBJECT AIRCRAFT and its component parts exposed Plaintiffs' decedent to an unreasonable risk of harm and were a legal cause of Plaintiffs' decedent's fatal injuries.

43.     At all times herein mentioned, the SUBJECT AIRCRAFT and its component parts were sold, converted, marketed and/or placed into the stream of commerce by the Defendant ATR for use by members of the general public, and such products were defective as that term is defined under California law which were known by Defendant ATR at the time the SUBJECT AIRCRAFT and its component parts were sold, converted, marketed and/or placed into the stream of commerce, and these defective conditions were a legal cause of Plaintiffs' decedent's serious and fatal injuries.

COMPLAINT

44.     At all times herein mentioned, Defendant ATR defectively manufactured the SUBJECT AIRCRAFT and its component parts.  Said defective condition was a legal cause of the SUBJECT AIRCRAFT's crash and the fatal injuries to Plaintiffs' decedent.

45.     Plaintiffs are informed and believe, and thereupon allege, that Defendant ATR placed the SUBJECT AIRCRAFT into the stream of commerce in a defective condition and such defects described above, rendered the SUBJECT AIRCRAFT less safe than an ordinary consumer would expect when used in a normal, intended and foreseeable manner.

46.     At all times herein mentioned, the SUBJECT AIRCRAFT and its component parts were also defective by reason of Defendant's failure to include or place with it adequate and proper warnings and instructions as to dangers associated with the design and foreseeable use of the products and how to avoid such dangers, and further, failed to recall the products to prevent incidents such as the one included herein. Such defects rendered the SUBJECT AIRCRAFT and its component parts defective as that term is defined under California law, and the defective condition of the SUBJECT AIRCRAFT was a legal cause of the fatal injuries sustained by Plaintiffs' decedent.

47.     At all times herein mentioned, Defendant ATR is and was the manufacturer, designer, and/or distributor of the SUBJECT AIRCRAFT and its component parts.  Defendant holds, and has held itself out to the public as having superior knowledge, skill and experience in the design, construction, assembly, manufacture, testing, and inspection of such aircraft and their component parts.  In the course of its business as an aircraft manufacturer, Defendant ATR designed, constructed, assembled, manufactured, inspected, serviced, converted, tested the SUBJECT AIRCRAFT and its component parts.  Defendant further expressly and impliedly warranted that the SUBJECT AIRCRAFT and its component parts were fit for intended use, and were airworthy and free of defects.  Defendant further marketed, sold, distributed and caused the SUBJECT AIRCRAFT and its component parts to be introduced into the stream of commerce.

9

COMPLAINT

48.     At all times herein mentioned, the crash of the SUBJECT AIRCRAFT and the resulting fatal injuries to Plaintiffs' decedent, was legally caused and/or substantially contributed to by latent defects in the manufacture of said aircraft and its component parts, and Defendant's failure to warn and/or provide adequate instructions for the use, and maintenance of the SUBJECT AIRCRAFT and its component parts.

49.     Plaintiffs are informed and believe, and thereupon allege, that at the time the SUBJECT AIRCRAFT and its component parts were sold, converted, marketed and/or placed into the stream of commerce by Defendant, such products were defective as that term is defined under California law to persons who could reasonably be expected to use them, and these defective conditions were a producing cause of Plaintiffs' decedent's fatal injuries. The SUBJECT AIRCRAFT and its component parts were also defective by reason of Defendant's failure to include or place with it adequate and proper warnings and instructions as to dangers associated with the design and foreseeable use of the products and how to avoid such dangers.

50.     Plaintiffs are informed and believe, and thereupon allege, by reason of the foregoing, Defendant ATR is strictly liable in tort to Plaintiffs for the fatal injuries sustained by Plaintiffs' decedent as a result of the crash of the SUBJECT AIRCRAFT.

51.     The actions of said Defendant ATR resulted in decedent Lorenzo Corazon Mendoza Cervantes suffering severe injuries resulting in his death.

52.     As a direct and proximate result of the aforementioned conduct of Defendant ATR, decedent was compelled to incur obligations for medical care, medicines, x-rays, hospitalization, and medical supplies.  Plaintiffs do not at this time know the reasonable value thereof but pray that the same may be inserted herein when ascertained.

53.     As a direct and proximate result of the aforementioned conduct of Defendant ATR, decedent has lost his ability to earn money to provide support for Plaintiffs.  Plaintiffs do not at this time know the reasonable value thereof but pray that the same may be inserted herein when ascertained.

10

54.     As a direct and proximate result of the aforementioned conduct of Defendant ATR, Plaintiffs sustained general damages.  Plaintiffs do not at this time know the reasonable value thereof but pray that the same may be inserted herein when ascertained.

55.     As a direct and proximate result of the conduct of Defendant ATR, Plaintiffs pray for all remedies afforded by law.

56.     As a direct and proximate result of the aforementioned conduct of Defendant ATR, Plaintiffs claim prejudgment interest.  Plaintiffs do not know the reasonable value thereof but pray that the same may be inserted herein when ascertained.

## FIFTH CAUSE OF ACTION
### (Negligence)
### (By All Plaintiffs Against Defendant ATR)

57.     Plaintiffs refer to paragraphs 1 through 17 and 52 through 56 and incorporate them into this Cause of Action as though fully set forth herein.

58.     Plaintiffs are informed and believe, and thereupon allege, that the Defendant ATR designed, tested, developed, manufactured, fabricated, assembled, distributed, bought, sold, inspected, serviced, warranted, supplied, and/or modified the SUBJECT AIRCRAFT and its component parts.

59.     Plaintiffs are informed and believe, and thereupon allege, that at all times mentioned herein, the SUBJECT AIRCRAFT and its component parts, were defective when placed into the stream of commerce by Defendant ATR, and was of such a nature that the defect would not be discovered in normal inspection and operation by users thereof.

60.     Plaintiffs are informed and believe, and thereupon allege, that the Defendant ATR, as a manufacturer, distributor, supplier, and seller of the SUBJECT AIRCRAFT and its component parts, owed a duty of care to Plaintiffs and Plaintiffs' decedent, that the SUBJECT AIRCRAFT and its components parts would not be placed into the stream of commerce in a defective condition.

COMPLAINT

61.     Plaintiffs are informed and believe, and thereupon allege, that the Defendant ATR was negligent in the manufacture and marketing of the SUBJECT AIRCRAFT and its component parts, such that Defendant knew or should have known in the exercise of ordinary care, that the SUBJECT AIRCRAFT and its component parts were defective to those persons likely to use such products for the purpose and manner for which they were intended to be used, and for purposes reasonably foreseeable to Defendant. Defendant was negligent in the particulars set forth in this and the proceeding paragraphs, and said negligence was a direct, proximate, and producing cause of the subject crash, which is the basis of this action, and the resulting serious and fatal injuries sustained by Plaintiffs' decedent.

62.     Plaintiffs are informed and believe, and thereupon allege, that Defendant knew, or in the exercise of ordinary care should have known, of the means of manufacturing the SUBJECT AIRCRAFT and its component parts, such that the type of incident and resulting injuries as described herein would be prevented. Defendant had actual knowledge that manufacturing such an aircraft and its component parts in a defective condition, as alleged herein, would cause incidents such as the crash alleged herein.

63.     Plaintiffs are informed and believe, and thereupon allege, that the Defendant was additionally negligent in that it failed to provide proper warnings or instructions to ordinary users thereof, including Plaintiffs' decedent, and failed to recall or timely recall the products or make appropriate post-marketing efforts to prevent incidents such as the one included herein.

64.     Plaintiffs are informed and believe, and thereupon allege, that Defendant was negligent in their failure to give adequate or proper warnings or instructions to the users thereof, including Plaintiffs' decedent, for the reasonable and foreseeable use and maintenance of the SUBJECT AIRCRAFT and its component parts, and failed to make appropriate efforts to prevent incidents such as the one included herein, and that Defendant knew or reasonably should have known that users thereof, including Plaintiffs and Plaintiffs' decedent, would not realize such dangers to which Defendant ATR had failed to warn users thereof.

12

65.     Plaintiffs are informed and believe and thereupon allege that reasonable manufacturers, distributors and sellers of the said SUBJECT AIRCRAFT and its component parts under the same or similar circumstances would have provided such warnings and instructions for the use and maintenance of the SUBJECT AIRCRAFT and its component parts.

66.     Plaintiffs are informed and believe, and thereupon allege, that Defendant violated its duty and was negligent in those acts previously described, and further described herein.  Defendant's negligent acts were a direct and proximate cause or causes of the incident, which is the basis for this action, and the serious and fatal injuries sustained by Plaintiffs' decedent.

67.     The defective condition of the SUBJECT AIRCRAFT and its component parts, and the resulting crash of the SUBJECT AIRCRAFT was caused by the negligence, recklessness, wrongdoing, tortuous conduct, careless acts and omissions of the Defendant in the design, manufacture, assembly, construction, testing and marketing of the SUBJECT AIRCRAFT and its component parts, and by said Defendant's failure to warn of and to take appropriate remedial action with respect to the known defective conditions, and failure to provide proper instructions for the use and maintenance of the SUBJECT AIRCRAFT and its component parts.

68.     Plaintiffs are informed and believe, and thereupon allege, that as a further direct and proximate result of the acts of the Defendant in defectively manufacturing said products and failing to provide adequate warnings and instructions, Plaintiffs' decedent suffered fatal injuries for which Defendant is liable and Plaintiffs have sustained the damages set forth in paragraphs 52 through 56 of this Complaint.

### SIXTH CAUSE OF ACTION
**(Breach of Warranties)**
**(By All Plaintiffs Against Defendant ATR)**

69.     Plaintiffs refer to paragraphs 1 through 17 and 52 through 56 and incorporate them into this Cause of Action as though fully set forth herein.

13

COMPLAINT

70.     Plaintiffs are informed and believe, and thereupon allege, that Defendant, by and through the sale and distribution of the products in question, expressly and impliedly warranted to the public generally, and Plaintiffs' decedent specifically, that the products in question were fit for the purposes for which they were intended.

71.     Plaintiffs are informed and believe, and thereupon allege, that at the time such products were marketed, sold and distributed, Defendant was in the business of selling such products, and hold and have held themselves out to the public as having superior knowledge, skill and experience in the design, construction, assembly, manufacture, testing, and inspection of such aircraft and its component parts; and, in the course of business as aircraft manufacturers, Defendant designed, constructed, assembled, manufactured, inspected, serviced, converted, and tested the SUBJECT AIRCRAFT and its component parts; and Defendant expressly and impliedly warranted were fit for intended use, being airworthy and free of defects.

72.     Plaintiffs are informed and believe, and thereupon allege, that Plaintiffs' decedent made reasonable and foreseeable use of the products as alleged herein, and relied on the express and implied warranties made by Defendant.

73.     Plaintiffs are informed and believe, and thereupon allege, that contrary thereto, the products in question, the SUBJECT AIRCRAFT and its component parts, were not fit for their intended and foreseeable uses.

74.     Plaintiffs are informed and believe, and thereupon allege, that Defendant breached the express and implied warranties because of the products' failure and defective components as alleged above, and because of improper marketing involved in Defendant's failure to warn of the products' inadequacies and/or defects and failure to instruct in the safe use, operation, and storage of such products.

75.     Plaintiffs are informed and believe, and thereupon allege, that Defendant's breach of warranties and the above-mentioned defects were a proximate and producing cause of the subject crash and

14

1    the fatal injuries sustained by Plaintiffs' decedent.  Further, Defendant's conduct was undertaken

2    knowingly and intentionally.

3        76.    Plaintiffs are informed and believe, and thereupon allege, that the crash of the SUBJECT

4    AIRCRAFT and the resulting fatal injuries to Plaintiffs' decedent, was proximately caused and/or

5    substantially contributed to by Defendant's breach of express and implied warranties of the SUBJECT

6    AIRCRAFT and its components parts' fitness for use, and Defendant's breach of its representation that the

7    SUBJECT AIRCRAFT and its component parts were free of latent defects in manufacturer, marketing, and

8    distribution.

9        77.    Plaintiffs are informed and believe, and thereupon allege, that Plaintiffs and Plaintiffs'

10   decedent relied to their detriment upon Defendant's representations.

11

12       78.    Plaintiffs are informed and believe, and thereupon allege, by reason of the foregoing,

13   Defendant is liable to Plaintiffs in Breach of Warranty for the fatal injuries sustained by Plaintiffs' decedent

14   for which Defendant is liable and Plaintiffs have sustained the damages set forth in paragraphs 52 through

15   56 of this Complaint.

16

17                          **SEVENTH CAUSE OF ACTION**
                            **(Wrongful Death- CCP § 377.60)**
18                      **(By All Plaintiffs Against Defendant ATR)**

19       79.    Plaintiffs refer to paragraphs 1 through 17 and 52 through 56 and incorporate them into this

20   Cause of Action as though fully set forth herein.

21

22       80.    As a direct and proximate result of the aforementioned conduct of Defendant ATR, Lorenzo

23   Corazon Mendoza Cervantes died.  As a result, decedent's heirs, the Plaintiffs, have sustained noneconomic

24   damages, including the loss of his love, companionship, comfort, care, assistance, protection, affection,

25   society, support, training and guidance.

26       81.    As a direct and proximate result of the aforementioned conduct of Defendant ATR,

27

28   Plaintiffs have sustained economic damages, including loss of his financial support, the loss of gifts and

                                          15

COMPLAINT

benefits, funeral and burial expenses, household services, and economic support.   Plaintiffs do not know the reasonable value thereof but prays that the same may be inserted herein when ascertained.

82.    As a direct and proximate result of the aforementioned conduct of Defendant ATR, Plaintiffs claim prejudgment interest.  Plaintiffs do not know the reasonable value thereof but prays that the same may be inserted herein when ascertained.

## RELIEF SOUGHT

WHEREFORE, Plaintiffs pray judgment against Defendants, and each of them, as hereinabove and hereinafter set forth, as follows:

1.    For all relief available and not prohibited by the Montreal Convention;

2.    For general damages, according to proof;

3.    For special damages, according to proof;

4.    For the loss of the Lorenzo Corazon Mendoza Cervantes' love, companionship, comfort, care, assistance, protection, affection, society, support, training and guidance;

5.    For funeral and burial costs in an amount to be determined;

6.    For prejudgment interest, according to law;

7.    For all other remedies afforded by law;

8.    For costs of suit; and

9.    For such other relief and remedies as the court deems proper or necessary.

//

//

//

//

16

COMPLAINT

## JURY DEMAND

The Plaintiffs hereby demand trial by jury on issues triable by right of jury.

Dated:    June 28, 2011                              THE BRANDI LAW FIRM

                                                     By: _____
                                                         THOMAS J. BRANDI
                                                         DANIEL DELL'OSSO
                                                         BRIAN J. MALLOY
                                                         The Brandi Law Firm
                                                         354 Pine Street, Third Floor
                                                         San Francisco, CA 94104
                                                         Telephone: (415) 989-1800
                                                         Facsimile: (415) 989-1801
                                                         tjb@brandilaw.com

17

COMPLAINT