IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENZO MENDOZA MARTINEZ, ELIU MENDOZA, ELIEZER MENDOZA MARTINEZ, and GLORIA MARTINEZ MONTES,<br><br>Plaintiffs,<br><br>v.<br><br>AERO CARIBBEAN, EMPRESSA AEROCARIBBEAN S.A., CUBANA DE AVIACION S.A., and ATR,<br><br>Defendants. | No. C 11-03194 WHA<br><br>**ORDER HOLDING DEFENDANT'S MOTION TO DISMISS IN ABEYANCE PENDING JURISDICTIONAL DISCOVERY** |

**INTRODUCTION**

Defendant Avions de Transport Régional moves to dismiss for lack of personal jurisdiction. For the reasons stated below, the motion is **HELD IN ABEYANCE** pending limited jurisdictional discovery.

**STATEMENT**

The complaint alleges the following. Decedent Lorenzo Corazon Mendoza Cervantes was killed in a plane crash on November 4, 2010. Plaintiffs are representatives of decedent's estate. Defendant ATR is a manufacturer of aircraft and component parts. It is organized under the laws of France and maintains its principal place of business in Toulouse, France. The aircraft in which decedent was flying was manufactured by defendant ATR. Plaintiffs asserted claims pursuant to

the Montreal Convention against defendants Aero Caribbean, Empressa Aerocarribean S.A., and Cubana de Aviacion S.A., all of which are not party to this motion.  Plaintiffs have also alleged state law claims against defendant ATR for strict product liability, negligence, breach of warranties, and wrongful death (Compl. ¶¶ 2–9, 39–82).  The complaint was filed in this district under federal question jurisdiction.  The state law claims were retained pursuant to 28 U.S.C. 1367(a).  ATR now moves to dismiss for lack of personal jurisdiction.

**ANALYSIS**

Personal jurisdiction may be either general or specific to the allegations in the complaint.  "[P]laintiff bears the burden of demonstrating that jurisdiction is appropriate . . . [and] the plaintiff need only make a prima facie showing of jurisdictional facts."  *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (citation omitted).  "[J]urisdiction over each defendant must be established individually."  *Sher v. Johnson*, 911 F.2d 1357, 1365 (9th Cir. 1990).

1.  **GENERAL JURISDICTION.**

For general jurisdiction to exist over a nonresident defendant, "the defendant must engage in continuous and systematic general business contacts that approximate physical presence in the forum state."  *Schwarzeneggar*, 374 F.3d at 801.  This is "an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world."  *Ibid.*  "[T]he defendant's contacts [must] be of the sort that approximate physical presence."  *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000).  "[E]ngaging in commerce with residents of the forum state is not in and of itself the kind of activity that approximates physical presence within the state's borders."  *Ibid.*  The corporation's "affiliations with the State [must be] so continuous and systematic as to render them essentially at home in the forum State."  *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011) (internal quotations omitted).

Plaintiffs' only argument in support of their allegation that defendant has engaged in continuous and systematic contacts with the state of California is that defendant entered into a deal in which it sold several aircraft to a California business and that defendant is a sponsor of an

aviation industry conference to take place in California in March of 2012 (Malloy Decl. Exhs. D at 1–2, E at 1–2, F at 1). Assuming arguendo that this evidence is admissible, it is still insufficient to hold defendant subject to general jurisdiction in this state. There is no evidence suggesting that defendant was ever physically present in California for the purposes of this sale, or that defendant's products were ever present in the state. Plaintiffs claim that one of the aircrafts sold was delivered to a California business, Air Lease Corporation, but do not offer any proof that the aircraft was delivered in the state of California. In fact, plaintiffs' evidence in support of this claim shows that Air Lease Corporation is an aircraft leasing corporation based in Los Angeles, but with customers "throughout the world," and that the delivered aircraft is to be leased to a Brazilian air carrier, TRIP Linhas Aéreas (*id.* at Exh. D at 1–2). The sale of several aircraft to a California resident, one of which has been delivered to an unknown location, and is to be leased to a Brazilian company, and the sponsorship of one aviation convention in California can hardly be called "continuous and systematic" so as to render defendant "essentially at home" in California.

Defendant also objects to plaintiffs' use of Malloy Exhibit F on the ground that it is unauthenticated hearsay (Reply Br. 3). Because this order finds plaintiffs' evidence insufficient to support a finding of general jurisdiction, it is unnecessary to rule on this evidentiary objection at this time.

**2.    SPECIFIC JURISDICTION.**

Specific jurisdiction lies only where a defendant "has sufficient 'minimum contacts' with the [forum state] arising from, or related to, its actions" at issue, including the following:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) The claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) The exercise of jurisdiction must comport with fair play and substantial justice, *i.e.* it must be reasonable.

*Schwarzenegger*, 374 F.3d at 801–02. When considering the first prong, "something more than

3

mere foreseeability" of an effect in the forum state is necessary. *Id.* at 805 (internal citation and quotation omitted). Plaintiffs bear the burden of satisfying the first two prongs of the test, and if they do, defendant must "present a compelling case" that the exercise of jurisdiction would not be reasonable. *Id.* at 802.

Plaintiffs fail to satisfy the first prong of the *Schwarzenegger* test. The crux of plaintiffs' claims against defendant rest on defendant's manufacture and subsequent sale of the aircraft in which decedent was flying when he was killed (Compl. ¶¶ 39–82). Plaintiffs have submitted no evidence to support a finding that defendant purposefully directed its activities towards California in connection with the sale or manufacture of the aircraft at issue in these claims. To the contrary, the evidence indisputably shows that after defendant manufactured the aircraft, defendant sold the aircraft to Commuter Finance IV Ltd. (a Grand Cayman company) in 1995 who in turn sold it to Continental Airlines, Inc. (a Texas corporation) that same year (Dalrymple Decl. Exh. A at 1; Torrea Exh. A at 1). Furthermore, the plane crashed in Cuba, not California (Compl. ¶ 17). Thus, defendant's actions that are the basis of plaintiffs' claim are in no way related to California, nor implicate the laws of California. Plaintiffs further argue that defendant "knew or should have known that the subject aircraft was being immediately sold to a United States company" and that alone satisfies the purposeful-availment test (Reply Br. 10). Plaintiffs' conclusion is in clear contradiction with controlling authority. Foreseeability is not enough. *Schwarzenegger*, 374 F.3d at 805. Therefore, plaintiffs have failed to make any showing in support of exercising specific jurisdiction over defendant.

### 3. JURISDICTION UNDER FRCP 4(k)(2).

In the alternative, plaintiffs rely on FRCP 4(k)(2) and its long-arm statute to argue that defendant is subject to personal jurisdiction in this district. Plaintiffs' reliance is misplaced:

> The exercise of Rule 4(k)(2) as a federal long-arm statute requires the plaintiff to prove three factors. First, the claim against the defendant must arise under federal law. Second, the defendant must not be subject to the personal jurisdiction of any state court of general jurisdiction. Third, the federal court's exercise of personal jurisdiction must comport with due process.

*Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1159 (9th Cir. 2006) (internal citations omitted).

"Rule 4(k)(2)'s reach is limited to substantive federal claims." *Getz v. Boeing Co.*, 654 F.3d 852,

4

858 (9th Cir. 2011).

Plaintiffs have alleged only *state* law claims against defendant (Compl. ¶¶ 39–82). Absent a substantive federal claim, FRCP 4(k)(2) is inapplicable. Plaintiffs assert that because their state law claims against ATR are supplemental to claims asserted against the other defendants under the Montreal Convention, an international treaty, federal question jurisdiction is imputed to the state law claims asserted against ATR. Plaintiffs confuse procedural and substantive law. The exercise of supplemental jurisdiction over state law claims in no way transforms those state law claims into federal claims or creates a federal question, it merely provides a district court with subject-matter jurisdiction over the state law claims. Personal jurisdiction is a separate issue, and does not attach by virtue of properly exercised subject-matter jurisdiction.

### 4. PLAINTIFFS' REQUEST FOR LEAVE TO ADD A CLAIM UNDER THE FOREIGN SOVEREIGN IMMUNITIES ACT.

"[T]he FSIA sets forth the general rule that foreign states are immune from the jurisdiction of both federal and state courts in the United States, subject to certain exceptions." *Siderman de Blake v. Republic of Argentina*, 965 F.2d 699, 706 (9th Cir. 1992). "The [FSIA], and the regime that it replaced, do not by their own force create or modify substantive rights." *Republic of Austria v. Altmann*, 541 U.S. 677, 703 (2004). "Rule 15(a) is very liberal and leave to amend shall be freely given when justice so requires . . . [b]ut a district court need not grant leave to amend where the amendment . . . is futile." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (internal citations omitted).

Plaintiffs further allege that if FRCP 4(k)(2) is not applicable to defendants, plaintiffs should be allowed leave to amend in order to add a claim against defendant under the FSIA. Plaintiffs argue that this would then allow use of FRCP 4(k)(2) to exercise personal jurisdiction over defendant (Reply Br. 6–7). Plaintiffs' argument fails because the FSIA does not create substantive rights. The FSIA was designed to create subject-matter jurisdiction for causes of action against foreign sovereigns. *Siderman*, 965 F.2d at 706. FRCP 4(k)(2)'s requirement that there be a substantive federal claim would still be unfulfilled. Granting plaintiffs leave to amend to file a claim against defendant as a foreign sovereign would be futile as it would not remedy the deficiency plaintiffs now face in their attempt to use FRCP (4)(k)(2) to assert personal

5

jurisdiction over defendant.

### 5. PLAINTIFFS' REQUEST FOR LEAVE TO CONDUCT LIMITED JURISDICTIONAL DISCOVERY.

Where "[f]urther discovery on [the] issue might well demonstrate facts sufficient to constitute a basis for jurisdiction" denial of jurisdictional discovery will be an abuse of discretion. *Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1135 (9th Cir. 2003).

From the outset, defendant has asserted that "ATR does not conduct business in California" (Torrea Decl. ¶ 3). Yet defendant concedes in its reply that it has in fact sold several aircraft to a California customer (Reply Br. 3). While semantically speaking defendant's initial assertion may still be true, this order finds cause to allow limited jurisdictional discovery nonetheless. Plaintiffs have shown that defendant conducts business within the United States, that defendant maintains an office within the United States, that defendant has conducted business with a California resident, that defendant sponsored a California Commercial Aviation conference, and that defendant does business with customers in Massachusetts, Tennessee, and Texas (Malloy Decl. Exhs. A–G). While none of these actions alone, or together, warrant the exercise of personal jurisdiction in this instance, plaintiffs have submitted sufficient evidence in support of their argument that additional jurisdictional discovery may lead to facts sufficient to support a finding of personal jurisdiction.

## CONCLUSION

For the reasons stated above, defendant's motion to dismiss is **HELD IN ABEYANCE** pending limited jurisdictional discovery. Plaintiffs may engage in the following jurisdictional discovery: (1) ten reasonably narrow document requests, (2) ten reasonably narrow interrogatories (no subparts will be allowed), (3) two depositions not to last longer than seven hours each, and (4) no requests for admissions. With the benefit of the supplemental discovery and any other investigation, plaintiffs must then show cause why this action should not be dismissed for lack of personal jurisdiction **BY NOON ON APRIL 6, 2012.** Defendant may then file a

6

response **BY NOON ON APRIL 13, 2012.** The issue will then be decided on the papers unless a hearing is deemed advisable.

**IT IS SO ORDERED.**



Dated: January 27, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

7