IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LORENZO MENDOZA MARTINEZ,
ELIU MENDOZA, ELIEZER MENDOZA
MARTINEZ, and GLORIA MARTINEZ
MONTES,

    Plaintiffs,

  v.

AERO CARIBBEAN, EMPRESSA
AEROCARIBBEAN S.A., CUBANA
DE AVIACION S.A., and AVIONS
DE TRANSPORT RÉGIONAL,

    Defendants.

                                      /

No. C 11-03194 WHA

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

**INTRODUCTION**

Defendant Avions de Transport Régional renews its motion to dismiss for lack of personal jurisdiction. For the reasons stated below, the motion is **GRANTED.**

**STATEMENT**

Decedent Lorenzo Corazon Mendoza Cervantes was killed in a plane crash on November 4, 2010. Plaintiffs are representatives of decedent's estate. Defendant ATR is a manufacturer of aircraft and component parts. It is organized under the laws of France and maintains its principal place of business in Toulouse, France. The aircraft in which decedent was flying was manufactured by defendant ATR. Plaintiffs asserted claims pursuant to the Montreal Convention against defendants Aero Caribbean, Empressa Aerocaribbean S.A., and

1  Cubana de Aviacion S.A., all of whom are not party to this motion. Plaintiffs have also alleged
2  state law claims against defendant ATR for strict product liability, negligence, breach of
3  warranties, and wrongful death (Compl. ¶¶ 2–9, 39–82). The complaint was filed in this district
4  pursuant to federal question jurisdiction pertaining to the claims against defendants not party to
5  this motion. The state law claims against ATR were retained pursuant to 28 U.S.C. 1367(a).
6  ATR moved to dismiss for lack of personal jurisdiction (Dkt. No. 14). This Court found that
7  plaintiffs had provided enough evidence that with the benefit of limited jurisdictional discovery,
8  they may be able to prove that defendant ATR is subject to personal jurisdiction in this forum
9  (Dkt. No. 27 at 6). Plaintiffs were therefore granted leave to conduct limited discovery into the
10 nature of any of defendant's contacts which might subject them to personal jurisdiction (*ibid.*).
11 The time to complete limited jurisdictional discovery has ended. Defendant has renewed its
12 motion to dismiss for lack of personal jurisdiction. This order follows supplemental briefing on
13 the issue of personal jurisdiction.

**ANALYSIS**

Personal jurisdiction may be either general or specific to the allegations in the complaint. "[P]laintiff bears the burden of demonstrating that jurisdiction is appropriate . . . [and] the plaintiff need only make a prima facie showing of jurisdictional facts." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (citation omitted). "[J]urisdiction over each defendant must be established individually." *Sher v. Johnson*, 911 F.2d 1357, 1365 (9th Cir. 1990). For general jurisdiction to exist over a nonresident defendant, "the defendant must engage in continuous and systematic general business contacts that approximate physical presence in the forum state." *Schwarzeneggar*, 374 F.3d at 801. This is "an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." *Ibid.* The corporation's "affiliations with the State [must be] so continuous and systematic as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011) (internal quotations omitted). "[E]ngaging in commerce with residents of the forum state is not in and of itself the kind of activity that approximates

2

physical presence within the state's borders." *Bancroft & Masters, Inc. v. Augusta Nat. Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000). "The standard is met only by continuous corporate operations within a state that are thought so substantial and of such a nature as to justify suit against the defendant on causes of action arising from dealings entirely distinct from those activities." *King v. Am. Family Mut. Ins. Co.*, 632 F.3d 570, 579 (internal quotations omitted).

> **1. PLAINTIFFS HAVE NOT SHOWN THAT ATR MAINTAINS SUFFICIENT MINIMUM CONTACTS WITH CALIFORNIA TO WARRANT EXERCISE OF GENERAL PERSONAL JURISDICTION.**

Plaintiffs assert that through jurisdictional discovery, they have uncovered new facts to support a finding of general personal jurisdiction, but most of these newly discovered facts — discussed below — are mere identifications of the dollar amount of sales made by ATR, which were already considered in the previous order and held to be insufficient to warrant exercise of personal jurisdiction over defendant. In light of the relevant law which is also discussed below, these newly identified dollar amounts do not change that holding.

*First*, as previously asserted and considered, plaintiffs allege that ATR engages in business with Air Lease Corporation, a California corporation. It is now clear that these sales constitute roughly one percent of ATR's overall sales, and the sales were completed in France — including signing the contract and delivering the aircraft (Cloar Decl. Exh. C–F). This is insufficient. *See Shute v. Carnival Cruise Lines*, 897 F.2d 377, 381 (9th Cir. 1990) (stating that "[o]nly 1.29% and 1.06% of Carnival's cruise business was derived from residents of Washington in 1985 and 1986 . . . This court has held under somewhat similar facts that the exercise of general jurisdiction would violate due process"), *rev'd sub nom. on other grounds by Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585 (1991).

*Second*, plaintiffs assert that ATR purchases supplies for its aircraft from a California supplier. Again, these purchases only represent approximately one percent of ATR's total purchases from suppliers in 2011 (Cloar Decl. Exh. B at 106:6–107:24). "[M]ere purchases, even if occurring at regular intervals, are not enough to warrant a State's assertion of in personam jurisdiction over a nonresident corporation in a cause of action not related to those purchase transactions." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 418

(1984). Attendance of a conference in California, trips by employees to California, and advertising not specifically directed at the forum, are all also insufficient bases for exercising general personal jurisdiction. *See Congoleum Corp. v. DLW Aktiengesellschaft*, 729 F.2d 1240, 1243 (9th Cir. 1984); *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1227 (9th Cir. 2011); *Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1330–31 (9th Cir. 1984).

*Third*, plaintiffs assert that ATR has sixteen aircraft which fly routes in California. Defendant points out, however, that even though Empire Airlines, who is based in Utah and owns the sixteen aircraft, operates these aircraft in California, Empire only maintains one such route, Empire purchased the aircraft from a third party, and Empire does not purchase parts or service from ATR (Cloar Decl. Exh. B at 58:10–14, 75:15–20). "Flow of a manufacturer's products into the forum . . . may bolster an affiliation germane to specific jurisdiction . . . but ties serving to bolster the exercise of specific jurisdiction do not warrant a determination that, based on those ties, the forum has general jurisdiction over a defendant." *Goodyear*, 131 S. Ct. at 2855.

2. **PERSONAL SERVICE OF A CORPORATION'S VICE PRESIDENT DOES NOT CONFER PERSONAL JURISDICTION**.

Plaintiffs contend that ATR is subject to personal jurisdiction in California because personal service was effected on ATR's vice president of marketing while doing business in California on behalf of ATR (Malloy Decl. Exh A). All decisions relied on by plaintiffs involved the exercise of personal jurisdiction over an individual after personal service. *See, e.g.*, *Burnham v. Superior Court*, 495 U.S. 604, 610 (1990) (holding that in-state personal service of an individual is enough to confer personal jurisdiction over that individual). None of the decisions relied on by plaintiffs involved personal service to confer personal jurisdiction over a corporation. Plaintiffs have cited no authority to support their contention that the law operates the same way for corporations. In fact, *Burnham* recognized that "corporations . . . have never fit[] comfortably in a jurisdictional regime based primarily upon de facto power over the defendant's person." *Id.* at 610 n.1. Our court of appeals has not spoken on whether personal service on a corporation establishes personal jurisdiction. But it has held that "appointment[] of [an] Insurance Commissioner as an agent for service of process," and service thereof, is not

4

enough to confer personal jurisdiction over a corporation. *King*, 632 F.3d at 579. The Fifth Circuit has held that personal service of an officer of a corporation does not confer personal jurisdiction over a corporation. *See Wenche Siemer v. Learjet Acquisition Corp.*, 966 F.2d 179, 182 (5th Cir. 1992) ("*Burnham* did not involve a corporation and did not decide any jurisdictional issue pertaining to corporations."). This order agrees with the Fifth Circuit and finds that its holding is both a reasonable interpretation of *Burnham* and the logical extension of *King* were our court of appeals to consider the issue. If service of a designated agent for service is not enough to confer personal jurisdiction over a corporation, then neither is service of ATR's vice president of marketing.

### 3. PLAINTIFFS' OTHER ARGUMENTS.

Plaintiffs renew their argument that they should be granted leave to assert a claim pursuant to the Foreign Sovereign Immunities Act. This argument was already rejected (Dkt. No. 27 at 5). Plaintiffs also assert that should this order deny exercise of personal jurisdictional, additional limited jurisdictional discovery should be allowed so that plaintiffs can investigate ATR North America. This request is denied. Plaintiffs were well aware of the existence of ATR North America when they conducted their jurisdictional discovery and should have investigated ATR France's relationship with ATR North America at that time if they thought it might lead to relevant information.

*Finally*, plaintiffs request that should their other arguments be rejected, this action should be transferred to the Eastern District of Virginia. Section 1404 allows a district court to transfer any civil action to any other district or division where it might have been brought. 28 U.S.C. 1404. Plaintiffs have engaged in no legal analysis, and provided no factual support for their conclusory allegation that ATR North America's location in Virginia "unquestionably" proves that ATR France would be subject to personal jurisdiction there.

This order holds that plaintiffs have failed to provide sufficient evidence to warrant a finding of personal jurisdiction over defendant ATR.

5

**CONCLUSION**

For the foregoing reasons, defendant ATR's motion to dismiss is **GRANTED**.

**IT IS SO ORDERED.**

Dated: April 20, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE