IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENZO MENDOZA MARTINEZ, ELIU MENDOZA, ELIEZER MENDOZA MARTINEZ, and GLORIA MARTINEZ MONTES,<br><br>Plaintiffs,<br><br>v.<br><br>AERO CARIBBEAN, EMPRESA AEROCARIBBEAN S.A., CUBANA DE AVIACION S.A., and GIE AVIONS DE TRANSPORT REGIONAL,<br><br>Defendants. | No. C 11-03194 WHA<br><br>**ORDER DENYING MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT AND VACATING HEARING** |

**INTRODUCTION**

In this wrongful-death and negligence action stemming from an aircraft crash in Cuba, plaintiffs move for entry of default and default judgment. For the reasons stated below, the motion is **DENIED**.

Plaintiffs must file a plan calculated to achieve proper service by **NOON ON FEBRUARY 11, 2014**. Otherwise, this action will be dismissed. The hearing on February 6, 2013, is **VACATED**.

**STATEMENT**

Plaintiffs are surviving family members of a passenger who died in an aircraft crash. Defendants Aero Caribbean, Empresa Aerocaribbean S.A., and Cubana De Aviacion S.A. are

several entities that allegedly owned, maintained, and operated the aircraft. To date, none of these defendants has appeared in this matter. A fourth defendant, GIE Avions De Transport Regional, appeared in this action but has already been dismissed for lack of personal jurisdiction. Accordingly, GIE Avions De Transport Regional is not a subject of this motion.

Plaintiffs filed the complaint on June 28, 2011. According to the complaint, defendants' principal place of business is in Cuba. Because plaintiffs were having difficulty serving defendants, a case management order dated October 27, 2011 extended the time for serving all defendants until January 12, 2012. On that day, counsel appeared for a case management conference and reported the following as to service:

> We have been diligent, and the last time we were here, they had — service wasn't complete. We went back and researched every possible way we could serve them, and it comes down to what we have done , which is to send notice of this lawsuit by mail. Because of the nature of the diplomatic relationship between the United States and Cuba, the mail doesn't get there expeditiously. It has to be mailed to New York and sent to Cuba. It has now left New York, and we will be notified when it reaches Cuba. When it does reach Cuba, either of which could be applied to service in this case, service will be complete and that defendant, then, will either have to appear or will be in a position to take default and move forward.

No further events took place until an order dated January 9, 2013, requested a status report. Plaintiffs responded with a request to vacate the trial date and to set a further status conference, given their appeal of the dismissal of GIE De Avions De Transport Regional. Both requests were granted, and another case management conference was set for October 3, 2013. Plaintiffs were then ordered to either file a dismissal or a motion for default for hearing in January 2014. That same day, plaintiffs mailed the complaint to defendants and Alberto Vizcaino Zamora, an attorney in Mexico who stated he represented "Aerocaribbean and its insurers in connection with the air accident," via registered mail with return receipts requested (Dkt. No. 70, Martinez Exh. 2 at F). On November 19, 2013, plaintiffs sought default from the Clerk but were rejected because there has been no showing defendants received and signed for process.

Plaintiffs now move for both entry of default and default judgment. The order considers the motion below.

2

**ANALYSIS**

Proper service of process must be demonstrated before a default may be entered against a defendant. *Md. State Firemen's Ass'n v. Chaves*, 166 F.R.D. 353, 354 (D. Md. 1996). Plaintiffs move for default on the theory that they have properly served and defendants have failed to timely respond. The issue thus becomes whether service is proper here, under the governing authority of FRCP 4, and if not, whether the order should direct service pursuant to said authority.

### 1. FRCP 4(h)(2) INCORPORATES 4(f) AND GOVERNS SERVICE IN THIS CASE.

FRCP 4(h)(2) provides that corporations not within the judicial districts of the United States must be served "in any manner prescribed by [FRCP 4](f) for serving an individual, except personal delivery under (f)(2)(C)(I)." Accordingly, under FRCP 4(f), there are three subsections on which plaintiffs can rely on for proper service on defendants. None of these subsections, however, provides plaintiffs with relief.

### A. FRCP 4(f)(1) Does Not Provide a Basis for Plaintiffs' Service.

Under FRCP 4(f)(1), an individual in a foreign country can be served outside the judicial district of the United States by "any internationally agreed means of service . . . such as those authorized by the Hague Convention . . . ." Cuba is not a signatory to the Hague Convention, but is a party to the Montreal Convention. Article 33(4) of the Montreal Convention states that "questions of procedure shall be governed by the law of the court seized of the case."

Because the Montreal Convention directs service procedures to the forum of the case, plaintiffs cite FRCP 4(e)(1), which recognizes service by "following state law for serving a summons in an action brought in courts of general jurisdiction." California law, in turn, provides that defendants living in another country can be served in the same manner as persons living in other states, provided that service is "reasonably calculated to give notice." Cal. Code Civ. Pro. § 413.10(c). Plaintiffs also cite California Code of Civil Procedure Section 415.40, which states that mailing a copy of the summons and complaint "by first-class mail, postage pre-paid, requiring a return receipt" is effective service.

Plaintiffs' reliance on FRCP 4(e)(1) is misplaced. While FRCP 4(e) and 4(f) both govern service to individuals, FRCP 4(h)(2) only incorporates 4(f) and has no connection whatsoever with 4(e). Moreover, FRCP 4(e) clearly governs service of "an individual *within a judicial district* of the United States" (emphasis added). Defendants are outside the scope of that rule and plaintiffs cannot use state service laws as a basis to support their contention that service was proper. FRCP 4(f)(1) therefore requires the order to turn to the other parts of FRCP 4(f) in determining whether there is proper service here.

### B. FRCP 4(f)(2) Does Not Provide A Basis For Service.

Under FRCP 4(f)(2), a defendant in a foreign country can be served outside the judicial district of the United States by a method that is reasonably calculated to give notice:

> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>
> (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
>
> (C) unless prohibited by the foreign country's law, by:
>
> \*          \*          \*
>
> (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt.

Serving a foreign defendant can therefore occur in three different ways under FRCP 4(f)(2). Plaintiffs assert that they have properly served defendants under FRCP 4(f)(2) because the "circumstances surrounding service was reasonably calculated to give actual notice to Defendants" (Br. 70 at 9). This is a truncated reading of FRCP 4(f)(2), however, as FRCP 4(f)(2) cannot be read in isolation of sub-parts (A) — (C). A complete reading of this rule would show that it cannot be a basis for plaintiffs' method of service. Indeed, this action is not in Cuba, there is no letter rogatory, and the Clerk did not address the complaint to defendants. Accordingly, FRCP 4(f)(2) does not provide a basis for proper service in this motion.

### C. This Order Declines to Order Service Pursuant to FRCP 4(f)(3).

In the alternative, plaintiffs request an order directing service pursuant to FRCP 4(f)(3). FRCP 4(f)(3) allows serving a complaint to foreign defendants "by other means not prohibited by international agreement, as the court orders." An ordered service under FRCP 4(f)(3) must

4

1  "comport with constitutional notions of due process . . . [and] be reasonably calculated, under
2  all circumstances, to apprise interested parties of the pendency of the action and afford them an
3  opportunity to present their objections." *Rio Properties, Inc. v. Rio. Intern Interlink*, 284 F.3d
4  1007, 1016 (9th Cir. 2002). Further, proving service outside of any judicial district of the United
5  States under FRCP 4(f)(2) and 4(f)(3) requires a "receipt signed by the addressee, or by other
6  evidence satisfying the court that the summons and complaint were delivered to the addressee."
7  FRCP 4(l)(2)(B).

Plaintiffs offer two ways for the order to direct service:

    1.    The Clerk address a mailing via Registered Mail to the same names and addresses which Plaintiffs sent the mailings; or

    2.    Plaintiffs' counsel to mail via Registered Mail to the same names and addresses Plaintiffs' counsel previously sent the mailings.

The former closely models the requirements of service by the Clerk under FRCP 4(f)(2)(C)(ii). The latter seeks an order directing plaintiffs to serve defendants again using the same method. This order denies plaintiffs' request for the following reasons.

### *(1) Plaintiffs' Method of Service Does Not Meet Due Process Requirements.*

Nothing in the record supports plaintiffs' contention that defendants were properly served or that service directed by an order will somehow meet the due process requirements of *Rio Properties*. Here, plaintiffs attempted to serve the complaint to defendants by registered mail and requested return receipts. Plaintiffs offer three tracking numbers for defendants. The exhibits, however, do not show that defendants received the complaint. At best, the tracking numbers show that the serving papers are being "processed through sort facility" as of October 10, 2013, with no further updates (Br. 70, Martinez Exh. 1 at E). The exhibits therefore do not support plaintiffs' contention that defendants were properly served and fails to meet the due process requirements under *Rio Properties*. So too for plaintiffs' other request. Ordering the Clerk to serve the complaint is essentially ineffective service that is not "reasonably calculated" to apprise defendants in this action.

5

Further, plaintiffs' requested methods of service would not meet the requirements of FRCP 4(l)(2)(B), as it is unclear whether the complaint will ever be delivered to defendants' reported addresses. The order therefore will not grant the relief that plaintiffs seek under FRCP 4(f)(3).

### *(2) Serving Attorney Zamora Did Not Impute Service On Defendants.*

Plaintiffs also mailed a copy of the complaint to Attorney Alberto Vizcaino Zamora, who claimed to represent "Aerocaribbean and its insurers in connection with the air accident" (Br. 70, Martinez Exh. 2 at F). Unlike defendants above, plaintiffs' exhibit shows Attorney Zamora received the complaint. Serving Attorney Zamora with the complaint however, did not impute proper service on defendants.

For purposes of this present motion, Attorney Zamora only claims to represent "Aerocaribbean and its *insurers*" (*ibid.)* (emphasis added). It is unclear which "Aerocarribean" he is referring to and, at minimum, this leaves two defendants without counsel. There is uncertainty as to which, if any, defendant is represented by Attorney Zamora's firm. Thus, service to Attorney Zamora cannot satisfy the due process requirements under *Rio Properties*, nor can it meet the requirements of FRCP 4(l)(2)(B). Moreover, there is no showing that Attorney Zamora was authorized to accept service in this action even if he did represent all defendants as to their insurance matters.

The order recognizes that plaintiffs were required to file either a dismissal or a motion for default, as stated at the status conference on October 3, 2013, and that the record does not show that this matter could potentially be dismissed by the undersigned judge at this point for failure to timely serve defendants. Although the 120-day time limit to serve a complaint under FRCP 4(m) does not apply to foreign defendants, a district court judge, however, may still set reasonable time limits for serving foreign defendants. *Baja Developments LLC v. TSD Loreto Partners*, No. 09-756, 2009 WL 2762050, at *1 (D. Ariz. 2009) (Judge Lawrence O. Anderson). Plaintiffs therefore will be given one last opportunity to demonstrate proper service on defendants, as stated in the last paragraph of this order.

6

**CONCLUSION**

For the reasons stated above, plaintiffs' motion for entry of default is **DENIED**. Consequently, the order does not reach the merits of the motion for default judgment.

In addition, plaintiffs must file a plan of service that complies with the requirements of the Montreal Convention and the federal rules, and explain clearly how the proposed method of service would be proper. This showing must be made by **NOON ON FEBRUARY 11, 2014**. If the plan is demonstrated to be compliant, the Court will give a short but appropriate period of time to carry out the proposed method of service. Otherwise, this action will be dismissed. The hearing on February 6, 2013, is **VACATED**.

**IT IS SO ORDERED.**

Dated: January 28, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE