**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENZO MENDOZA MARTINEZ, ELIU MENDOZA, ELIEZER MENDOZA MARTINEZ, and GLORIA MARTINEZ MONTES,<br><br>Plaintiffs,<br><br>v.<br><br>AERO CARIBBEAN, EMPRESA AEROCARIBBEAN S.A., CUBANA DE AVIACION S.A., and GIE AVIONS DE TRANSPORT REGIONAL,<br><br>Defendants.<br>_____ / | No. C 11-03194 WHA<br><br>**ORDER RE SERVICE TO DEFENDANTS AERO CARIBBEAN, EMPRESA AEROCARIBBEAN S.A., AND CUBANA DE AVIACION, S.A.** |

The background of this action is set forth in a prior order (Dkt. No. 74). In short, plaintiffs moved for entry of default and default judgment after the Clerk declined default as to Cuban defendants Aero Caribbean, Empresa Aerocaribbean S.A., and Cubana De Aviacion S.A. The January 2014 order denied the motion on the ground that plaintiffs did not demonstrate proper service. In addition, the order further required plaintiffs to file a plan of service that complies with the Federal Rules of Civil Procedure and to explain clearly how the proposed method of service would be proper. The order further stated that if the plan is demonstrated to be compliant, plaintiffs will be given a short but appropriate period of time to carry out the proposed method of service. Otherwise, the action would be dismissed.

Accordingly, plaintiffs filed a plan with three proposed methods of service (Dkt. No. 75):

1. Having the Clerk of the court or Plaintiffs' counsel send, pursuant to an Order of the Court, the summons and Complaint via DHL Express, a private carrier, which will be able to confirm whether the delivery was received in Cuba.

2. Because the three Cuban entities are owned by the government of the Republic of Cuba, ordering that service be made on the Cuban government.

3. Ordering the United States Secretary of Treasury grant a specific license authorizing designated agent(s) of Plaintiffs' counsels' law firm to travel to Cuba to personally deliver [to] the Summons and Complaint to the three Cuban defendants.

To support their third proposed method of service, plaintiffs cite FRCP 4(f)(2)(C)(i), which states in relevant part, "an individual . . . may be served . . . [by] delivering a copy of the summons and of the complaint to the individual personally." Plaintiffs' reliance on that rule, however, is misplaced. FRCP 4(h)(2) governs service to foreign corporations and incorporates service procedures in 4(f). FRCP 4(h)(2), however, explicitly excludes "personal delivery under (f)(2)(C)(i)." This order therefore declines to order service in accordance with plaintiffs' third proposed method of service.

Between the first and second proposed methods of service, this order directs plaintiffs to serve defendants in accordance with the first. Plaintiffs' counsel, in their declaration, state that DHL, a private carrier, delivers to Cuba. DHL will also provide a tracking number and proof of delivery signatures if requested (Malloy Decl. ¶¶ 2, 3). This method may apprise defendants in this action and is preferable to serving the Cuban government.

To the extent stated, plaintiffs' first proposed method of service is **GRANTED IN PART**. Plaintiffs are directed to serve the summons and complaint via DHL to defendants in Cuba, and must request proof of delivery signatures. Plaintiffs' request for ninety days to carry out this service, however, is too long; instead, they will have until **MARCH 28, 2014**, to effectuate proper service on defendants or this action will be dismissed.

**IT IS SO ORDERED.**

Dated: February 11, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2