IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENZO MENDOZA MARTINEZ, ELIU MENDOZA, ELIEZER MENDOZA MARTINEZ, and GLORIA MARTINEZ MONTES,<br><br>Plaintiffs,<br><br>v.<br><br>AERO CARIBBEAN, EMPRESA AEROCARRIBEAN S.A., and CUBANA DE AVIACION S.A.,<br><br>Defendants. | No. C 11-03194 WHA<br><br>**ORDER HOLDING MOTIONS IN ABEYANCE AND SETTING DISCOVERY DEADLINES** |

In this wrongful-death and negligence action arising from an airplane crash in Cuba, plaintiffs move for default judgment. Defendants have responded with their own motion to set aside default. To the extent stated herein, both motions are **HELD IN ABEYANCE**, pending limited discovery on the two issues outlined below.

The background of this action is already set forth in prior orders (*see, e.g.*, Dkt. No. 74). In short, plaintiffs are family members of decedent, Lorenzo Corazon Mendoza Cervantes, who died in the November 2010 crash of Aerocaribbean Flight 883 in Cuba. Plaintiffs identify defendants as Cuban airlines that "owned, maintained, serviced and operated" the aircraft (Compl. ¶ 16).

1    This action then began on June 28, 2011. Plaintiffs have attempted to serve process on
2 defendants. In November 2013, plaintiffs filed certificates of service on the named defendant
3 airlines, but the Clerk declined to enter default due to a lack of showing that defendants had
4 received and signed for process. Then, in February 2014, an order approved plaintiffs' proposed
5 method of service, such that the summons and complaint would be mailed via DHL Express with
6 proof-of-delivery signatures. On April 15, 2014, the Clerk entered default against defendants
7 after plaintiffs provided a certificate of service to defendants' alleged addresses in Cuba.

8    On May 28, 2014, defense counsel submitted a letter to the undersigned judge indicating
9 their intent to represent defendants and requesting additional time to respond to the default and
10 any motion for default judgment. They explained that they needed to obtain a license from the
11 United States Department of Treasury's Office of Foreign Assets Control to lawfully represent
12 defendants, who are based in Cuba. OFAC reportedly informed them the licensing process
13 typically lasts sixty to ninety days, and counsel had applied the week prior. On June 9, 2014, the
14 undersigned judge denied defense counsel's request for additional time, as "[t]he Cuban entities
15 have had plenty of time to come forward and contest jurisdiction and service," and "have waited
16 until the eve of default judgment to seek to go back to square one," particularly "since no motion
17 has actually been filed and may not even be filed in the foreseeable future" (Dkt. No. 87).

18    At issue now are (1) plaintiffs' motion for default judgment, and (2) defendants' motion
19 to set aside default. At hearing, defense counsel conceded that they would *only* defend this
20 action on the basis of subject-matter jurisdiction and/or the merits, and not on personal
21 jurisdiction or venue, other than venue under the Montreal Convention.

22    Following full briefing from the parties, both motions are **HELD IN ABEYANCE**, pending
23 discovery on the following two issues. *First*, both sides may conduct limited discovery on
24 whether there is subject-matter jurisdiction over this action. To that end, the parties should
25 conduct depositions of relevant witnesses in Cuba, or in some other mutually acceptable location
26 for the parties. Please also produce legible copies of any of decedent's airline tickets that relate
27 to this action, if possible. The undersigned judge is particularly interested in seeing a clearer
28 copy of the decedent's ticket for his fatal plane flight, so that the decedent's travel and travel

2

plans may be clarified.  Document discovery is not limited to a clearer copy of the ticket but extends to any item reasonably relevant to the issue of subject-matter jurisdiction.  *Second*, both sides shall also conduct discovery on defendants' alleged culpability and the circumstances of their knowledge about this action.  Among other items, defendants should produce any non-privileged information that bears on their alleged culpability and knowledge, so that the undersigned judge can determine when, how, and to what extent defendants received and responded to any notice about this litigation.  The discovery cut-off date for the foregoing issues is **NOVEMBER 24, 2014**.

In addition, the parties will submit supplemental briefing — addressing only the foregoing issues and limited to **TEN PAGES EACH**, plus up to **FIFTY PAGES EACH** by way of exhibits and declarations — by **NOON ON DECEMBER 4, 2014**.  The parties will then appear for a case management conference at **11:00 A.M. ON DECEMBER 18, 2014**.  Please file a joint statement at least seven days prior.

**IT IS SO ORDERED.**

Dated:  July 24, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3